January 28, 1907.

––––––o––––––

## No. 4091.

### (Court of Appeal, Parish of Orleans.)

## SUCCESSION OF LOUIS SPORTONO vs. W. H. HOWCOTT et als.

### ON MOTION TO DISMISS.

1. Where an appeal is taken to this Court in a cause wherein the amount involved is beyond our maximum jurisdictional limit, the appeal will not be dismissed, but will be transferred to the Supreme Court.

Appeal from the Civil District Court, Division "A."

P. D. Olivier & M. J. Cunningham, Plaintiff and Appellee.

W. W. Wall, for Defendant and Appellant.

MOORE, J. The dismissal of this appeal is moved for on the ground that this Court is without jurisdiction ratione materiae as the amount in dispute exceeds the sum of Two Thousand dollars, exclusive of interest.

The purpose of the suit is to annul a tax sale of seven lots of ground situated in the City of New Orleans and to have the plaintiff declared the owner of same. The thing in dispute

is, therefore, the seven lots and the value of them fixes "the amount in dispute." If their value exceeds two thousand dollars this Court is clearly without jurisdiction. Const. Art 98.

The allegation of value in the original petition is that the "said property is of the value of seven hundred dollars," but subsequently a supplemental and amended petition was filed in which a number of additional causes of nullity are set up and this special averment is made.

"Petitioner further represents that said seven lots, Nos. 19 to 25, both inclusive, were valued together in the original petition herein filed at the sum of seven hundred dollars, same being the valuation placed thereon by the appraisers appointed by this Honorable Court to Inventory the Estate of said Louis Sportono, said estimation being at the rate of one hundred dollars per lot. That since the institution of the present suit lots in square No. 417 bounded by Toulouse, Salcedo, St. Peter and Lopez streets ,have been sold at public auction by Mr. Albert Paul Auctioneer for about three hundred and fifty dollars per lot (said lots not fronting on Carondelet Walk, or old basin as these lots do); that said lots Nos. 19 and 25 both inclusive, which are in controversy herein, front on Carondelet Walk or the old basin, and are worth the sum of five hundred dollars each, making a total of three thousand five hundred dollars for the seven lots." On the trial of the cause on its merits this allegation was sustained by proof and the value of each lot at five hundred dollars was, in our opinion, conclusively established. The only contrary evidence as to value is that of the appraisement in the inventory taken in the Succession of Spotono and the assessment rolls, but these do not furnish as safe a guide to the ascertainment of the real value of the property as do the fact that lots in the immediate vicinity of these lots, and which were not of as much value, recently sold for $350.00 a lot, and the testimony of witnesses competent to judge thereof, which fixes their value at five hundred dollars per lot.

We are clearly without jurisdiction.

Under Act No. 56 of 1904, however, we must transfer the cause to the proper Appellate Corut, which is the Supreme Court, instead of dismissing the appeal.

It is therefore ordered, adjudged and decreed that this appeal

be transferred to the Supreme Court of the State of Louisiana upon the appellant or his attorney of record making out and filing with the Clerk of this Court on or before the 31st day of January, 1907, his affidavit that the appeal herein was not made for purpose of delay, and further, upon the said appellant lodging with the Clerk of the Supreme Court of this State on or before the 1st day of March, 1907, a full and complete transcript of this case made and certified to in the manner and form required by the rules of the Supreme Court for transcripts taken directly to that Court, together with a certified copy of this decree and the affidavit herein referred to, all costs incurred in this Court to be taxed against the Appellant.

January 28, 1907.

Rehearing refused Feb. 18, 1907.